[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the commissioner of motor vehicles ordering suspension of the plaintiff's motor vehicle operator's license. The basis of the commissioner's decision was the plaintiff's refusal to consent to a chemical blood alcohol test after his arrest for operating under the influence of alcohol, as provided in General Statutes 14-227b, (Rev'd 1991). This appeal is brought pursuant to General CT Page 91 Statutes 4-183 (Rev'd 1991).
General Statutes 14-227b(a) provides that "any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine . . . ." If the individual refuses to submit to a test, the commissioner must suspend his or her operator's license. Subsection (f) of Section 14-227b provides that any person whose license has been suspended is entitled to a hearing, and the hearing is limited to four issues:
 (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor?
(2) Was such person placed under arrest?
(3) Did such person refuse to submit to the test?
(4) Was such person operating the motor vehicle?
The statute further provides that after the hearing the commissioner shall reinstate the operator's license if any of the issues are found in the negative. Following the hearing in this case, the commissioner found all of the issues in the affirmative and affirmed the suspension.
The court finds the plaintiff is aggrieved by the defendant commissioner's decision within the meaning of General Statutes 4-183.
The bases of the plaintiff's appeal, as set forth in his brief and at oral argument, are (1) that the commissioner erred in finding probable cause for the arrest; and (2) that the plaintiff's inability to understand the police when they requested he submit to a chemical blood alcohol test nullifies his refusal to take such test as a legitimate basis for suspending his license. The plaintiff is a native of Lybia, and he claims that he did not understand the English language sufficiently to comprehend the police officer's request.
The court has examined the entire record in this case and finds that there was ample and substantial evidence upon which the hearing officer could base his finding of probable cause. Accordingly, the plaintiff's contentions in that regard, which were raised for the first time during oral argument in this appeal, cannot be sustained.
With respect to the second basis of his appeal, the CT Page 92 plaintiff argues that he is a native of a country with a totalitarian government whose police are notorious for their cruelty and disregard of civil liberties. He claims that this background caused him to be so nervous at the time of his arrest that his command of the English language, which is normally adequate, utterly failed him. In this regard, the record shows that the plaintiff is an accountant and has had a Connecticut driver's license for many years.
The plaintiff essentially contends that his failure to understand the police when they requested him to submit to a test excuses his refusal. That argument was conclusively rejected by our Supreme Court in Buckley v. Muzio, 200 Conn. 1 (1986). In that case, the court held:
 While General Statutes 14-227v(b) requires the arresting officer to inform the motorist of the consequences of a refusal to submit, there is no additional requirement that the motorist understand what he or she has been told. A refusal to submit to chemical testing for purposes of an administrative action need not be knowing and intelligent, for it is not analogous to the waiver of constitutional rights by a person accused of a crime.
Id. 8 (Emphasis in original).
Although the plaintiff in Buckley did not claim that she was prevented from understanding the police officer's request because of any difficulty with the English language, as the plaintiff in this case does, the principle of that case, as well as the underlying legal and practical rationale, remains the same. The purpose of the implied consent and per se DWI statutes would be completely undermined if the state had to prove that the individual understood the test request in each case. The court is, of course, sympathetic to individuals whose English language skills make communication between them and the police difficult. But such communication difficulties are not a sufficient basis for abandoning the implementation of the implied consent statute in the case of someone who has been lawfully arrested on a charge of drunk driving.
The appeal is dismissed.
MALONEY, J.